GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia State Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Kip Mickail Lessard,<br><br>                    Defendant. | No. CR-17-01533-PHX-DGC<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE TERM PURSUANT TO 18 U.S.C. §3583(e)(1)** |

The United States opposes Defendant Kip Mickail Lessard's request for early termination of supervised release. (Doc. 40) Defendant was released from prison and began his supervised release on June 7, 2021. He has served approximately 14 months of his 36-month term of supervised release. The Court should deny Defendant's motion for termination. First, Defendant has not yet served even half of his term. Second, Defendant's criminal conduct was quite serious and showed a disregard for the wellbeing of his victims. Defendant robbed three banks, ten businesses, and attempted to rob three additional businesses. On many occasions, his conduct involved displaying a handgun, which later was determined to be a BB gun, and instilling fear in his victims. Finally, Defendant stated that his conduct was driven by his then-addiction to heroin and methamphetamine. Defendant is still early in his release and in his post-incarceration recovery. The United States believes it will benefit Defendant and the public for Defendant to continue to be monitored by United States Probation at this time.

### A. Background

In 2018, Defendant pleaded guilty to two counts of Bank Robbery under 18 U.S.C. § 2113(a). He admitted that he had used force, violence, and intimidation to take federally insured money from his bank teller-victims. To rob these banks, Defendant used threatening notes; to commit other robberies, Defendant brandished or carried a gun and threatened that he or coconspirators outside the building would engage in violence. Defendant's robbery spree only ended when he was identified by crime scene technicians and apprehended by law enforcement. Defendant accepted responsibility for his crimes and repeatedly stated that his offenses were driven by his drug addiction. He was ordered to pay $4,213 in restitution. Prior to these offenses, Defendant had only a misdemeanor criminal history.

Defendant was sentenced to 51 months' imprisonment on each of the two counts of bank robbery, to run concurrently, to be followed by 36 months' supervised release on each count, to run concurrently. Defendant had no disciplinary infractions while in custody. Defendant has been on supervised release since June 7, 2021, meaning that he has served approximately 14 months of his term. He has had no violations of his supervised release.

Defendant is being supervised in the Western District of Washington, where he presently resides. The Probation office in that district did not have a specific recommendation in response to Defendant's motion for early termination. The office stated that Defendant has performed well on supervision thus far and, under current guidelines, is eligible to be reviewed for a move to a lower level of supervision if he successfully completes 18 months of supervised release.

### B. The United States Opposes Early Termination at this Time

The United States opposes Defendant's motion for early termination of supervised release. Defendant has not yet served even half of his supervised release term. By his own admissions, his robbery spree was driven by his addiction to heroin and methamphetamine. The United States applauds Defendant for the life he is creating for himself and his family following his release from custody. Obtaining sobriety and maintaining it for 14 months

following release from custody is a laudable feat. Nevertheless, the United States believes that Defendant and the public will benefit from his continued supervision by U.S. Probation.

Defendant engaged in a five-month crime spree, which included robbing banks, fast food establishments, grocery stores, pet stores, and a game store. During these robberies, Defendant often made either a display of force, made threatening comments, or claimed that there were additional individuals outside that would hurt the victim if they were not compliant. This type of conduct is serious and reflects a disregard for the trauma imposed on other individuals. Defendant has proven by his conduct that he is capable of being a violent, dangerous person when under the influence of illegal substances. The United States is pleased Defendant is doing well, and sincerely hopes he continues to be a law-abiding citizen. However, given the severity of Defendant's conduct, the role his substance abuse played in that conduct, and the relatively short time that he has been on supervised release, the United States opposes Defendant's request for early termination of his Supervised Release. The Court should deny his Motion.

Respectfully submitted this 26th day of August, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/ Coleen Schoch
COLEEN SCHOCH
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jeffrey Allen Williams, *Attorney for Defendant*

Kathleen Strand, United States Probation

I further certified that a copy of this motion was sent to Defendant via the U.S. Mail at:

Kip Mickail Lessard
82080-408
1911 28th Avenue
Longview, WA 98632

*s/ J. Brown*
U.S. Attorney's Office